FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL GODOY-GOMEZ,<br><br>Defendant. | No. 1:25-cr-02059-SAB-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 24, 25** |

On Wednesday, July 9, 2025, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 24) and related Motion to Expedite (ECF No. 25). Defendant was represented by Assistant Federal Defender Jennifer Barnes. Assistant United States Attorney Michael Murphy represented the United States.

Defendant requests that the Court modify Special Condition Nos. 3 and 7. ECF No. 24. Special Condition No. 7 imposes home incarceration and requires Defendant to seek approval from the Court to leave his residence for work. ECF No. 20. Defendant now requests approval from the Court to seek employment. ECF No. 24. Special Condition No. 3 prohibits Defendant from having contact with his girlfriend, Kaius Trujillo, due to her being a potential witness in the case.

ORDER - 1

1 ECF No. 20.  Defendant now asks the Court to permit Defendant to have contact

2 with his girlfriend but prohibit any discussion regarding the case.  ECF No. 24.

3 At the hearing, the United States indicated that it has no objection to the

4 Court modifying Special Condition No. 7 to allow Defendant to seek employment

5 but asked that the Court require Defendant to notify the United States

6 Probation/Pretrial Services Office of his intended travel for employment before

7 leaving his residence.  Defendant requested that he be allowed to notify the United

8 States Probation/Pretrial Services Office in accordance with normal notification

9 procedures.  The Court held that Defendant must seek and obtain approval from

10 United States Probation/Pretrial Services prior to leaving his residence for

11 employment purposes.  However, the Court noted that if receiving prior approval

12 becomes an issue with seeking and maintaining employment, Defendant may ask

13 the Court to modify that condition.

14 The United States objected to the modification of Special Condition No. 3

15 and asserted that the no contact order between Defendant and his girlfriend should

16 remain because Defendant's girlfriend may be both a potential witness and

17 codefendant in the case.  Specifically, the United States asserted that Defendant

18 was captured on video going into a convenience store and leaving a bag, which

19 was later found to contain a firearm which Defendant's girlfriend admitted to

20 purchasing.  Additionally, the United States asserted that there are no mechanisms

1  to prevent Defendant and his girlfriend from speaking about the case if contact is
2  allowed.  In response, Defendant asserted that he resided with his girlfriend from
3  the date of the alleged offense, November 2024, through May 2025, and there are
4  no allegations of witness tampering or other concerning behaviors during that time.
5  Defendant requested that they be allowed to have some form of contact and
6  specifically requested the ability to discuss the consequences of the plea offer he
7  received from the United States with his girlfriend.  Alternatively, Defendant
8  requested that a third-party custodian be vetted and approved to be present during
9  conversations with Defendant and his girlfriend.
10         The Court proposed that Defendant be allowed to speak with his girlfriend
11 about the consequences of the plea agreement in the presence of defense counsel
12 acting as an intermediary in the Office of the Federal Defenders.  The United
13 States had no objection, and the Court held that such contact will be allowed, so
14 long as defense counsel is able to act as an intermediary consistent with their
15 ethical obligations to Defendant.  If defense counsel is unable to do so, Defendant
16 may request that the Court allow the contact to occur in the presence of another
17 person.
18         Accordingly, **IT IS ORDERED:**
19         1.    Defendant's Motion to Expedite (**ECF No. 25**) is **GRANTED**.
20

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 24**) is **GRANTED IN PART AND DENIED IN PART**.

3. **Special Condition No. 7 (ECF No. 20) is MODIFIED** in its entirety to read **as follows:**

> 7. **Home Incarceration:** Defendant shall be restricted to his residence at all times, except for medical necessities, court appearances, employment, or other activities specifically approved by the Court. Defendant must seek and receive pre-approval by the United States Probation/Pretrial Services Office to leave his residence for employment purposes.

4. **Special Condition No. 3 (ECF No. 20) is MODIFIED** in its entirety to read **as follows:**

> 3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution. Defendant's girlfriend, Kaius Trujillo, may be a potential witness and codefendant. Therefore, Defendant shall have no contact with Ms. Trujillo, except Defendant may have limited contact with Ms. Trujillo for the sole purpose of discussing the consequences of the plea offer Defendant received by the United States. Such contact must be done in the Office of the Federal Defenders, in the presence of a member of the Office of the Federal Defenders. Any attempts to circumvent this condition will be considered a violation.

5. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

\\

\\

\\

ORDER - 4

1    **IT IS SO ORDERED.**

2    DATED July 10, 2025.



```
                          _____
                              ALEXANDER C. EKSTROM
                          UNITED STATES MAGISTRATE JUDGE
```

ORDER - 5