FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL GODOY-GOMEZ,<br><br>Defendant. | No. 1:25-cr-02059-SAB-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 37, 38** |

Before the Court is Defendant's Motion to Modify Conditions of Release (ECF No. 37) and related Motion to Expedite (ECF No. 38). Defendant was represented by Assistant Federal Defender Jennifer Barnes on the motion. Defendant's motion is unopposed by the United States and United States Probation/Pretrial Services. ECF No. 37.

Defendant requests that the Court modify Special Condition No. 7 to impose stand-alone GPS location monitoring rather than home confinement or home detention. *Id.* Defendant asserts that stand-alone monitoring will allow him to obtain employment requiring irregular work hours, such as Door Dash. *Id.*

The Court released Defendant to the community subject to home incarceration on May 28, 2025. ECF No. 20. Then, on July 10, 2025, the Court modified Defendant's home incarceration condition to allow Defendant to leave

ORDER - 1

the home for employment purposes.  ECF No. 29.  Finally, on November 26, 2025, the Court decreased home incarceration to home detention, allowing Defendant to leave the home for certain activities with United States Probation/Pretrial Services' permission.  ECF No. 36.  Now, Defendant seeks to modify his location monitoring again and asks that the Court impose only stand-alone monitoring, which Defendant asserts would facilitate his job search and subsequent employment.  ECF No. 37.

However, stand-alone monitoring is not presently sufficient to mitigate Defendant's risk to the safety of the community under 18 U.S.C. § 3142(f).  Due to Defendant's alleged offense conduct and criminal history, the higher level of monitoring, home detention, is presently necessary.

First, Defendant is charged with felon in possession of a firearm.  ECF No. 1.  The United States alleged that Defendant left a bag containing a firearm inside a store, and a store clerk found the firearm and reported it to law enforcement.  The United States alleged that afterward, Defendant's girlfriend claimed she possessed the firearm despite store video showing Defendant having exclusive possession of the bag containing the firearm.  The United States argued that Defendant's girlfriend's claim of possession of the firearm raised a concern regarding Defendant attempting to obstruct justice.  These allegations—unlawful firearm

ORDER - 2

possession and obstruction of justice—create a risk of harm to the safety of the community.

Second, Defendant's criminal history furthers the concern regarding risk of harm to the safety of the community. Defendant was convicted of second-degree assault with a deadly weapon and drive-by shooting in 2017, and although these convictions are now dated, the involvement of a firearm in both the 2017 offenses and the current alleged conduct create cause for concern regarding Defendant and firearms.

Defendant has not succeeded on pretrial supervision for a sufficient amount of time to outweigh the risk of danger resulting from his history and alleged offense conduct. Thus, stand-alone monitoring, while still tracking a defendant's location, offers a greater degree of freedom than home detention that Defendant has not demonstrated he is ready for. While home detention may result in finding and maintaining employment to be more burdensome, it presently remains necessary to mitigate Defendant's risk of danger to the community. However, Defendant may renew his motion after Defendant has been on pretrial supervision for one year without violations.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 38**) is **GRANTED**.

ORDER - 3

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 37**) is **DENIED**.

**IT IS SO ORDERED.**

DATED January 15, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE